No. 24.—WILLOUGHBY JORDAN, plaintiff in error, *vs.* JAMES C. RIVERS, defendant.

[1.] The failure of the commissioners to insert their names in a blank commission to examine a witness, does not render the execution of the commission invalid, if it appears in the return who the commissioners were.

Motion for new trial. Randolph. Decided by Judge KIDDOO, May Term, 1856.

James C. Rivers brought his action of assumpsit against Willoughby Jordan, upon a written agreement to pay $125 in *certain* accounts.

Upon the trial before the Jury, the plaintiff put in evidence this agreement; and also, evidence going to prove a demand for and refusal to give such accounts as the agreement required, and closed.

Defendant then introduced various witnesses, going to show that the accounts required had been tendered and refused; and for the same purpose, offered the interrogatories of James E. Griffith, which were attached to a commission,

the blank space in which was not filled with the names of the commissioners. Upon motion, the Court rejected the "interrogatories," and defendant excepted.

The Jury found for the plaintiff, and the defendant moved a rule for a new trial—

1st. Because the Court rejected the evidence of James E. Griffith.

2d. Because the Jury found contrary to the charge of the Court; and

3d. Because the Jury found contrary to law and evidence. The Court over-ruled the motion, and defendant excepted.

HOOD & ROBINSON, for plaintiff in error.

DOUGLASS & DOUGLASS, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] To whom does a blank commission, annexed to interrogatories, give authority? A blank commission is thus directed: "To ——— esquires, greeting." And it says, that "we have appointed you, and you or any two or more of you, are hereby authorized," &c. This direction is equivalent to a direction to all the "esquires" in the world by name; and this grant of authority is of course a grant of authority to any two or more of those "esquires." These propositions are true of the commission whilst it is yet in blank. If two or more "esquires" insert their names in the blank, can that add any authority to the commission? Can that make the commission an authority to them, if it was none before? Whence do they get a right to insert their names in the blank? Only from the commission. The commission, then, whilst in blank, is operative to this extent—to the extent of allowing any two or more persons to insert their names in the blank. But any reason that will make the commission, whilst in blank, operative to this extent, will make it, whilst in blank, operative to the extent of allowing the same per-

sons to do any other act, authorized to be done by the commission, as to execute the commission in full. This must be manifest to all.

Indeed, the insertion of the commissioners' names in the blank, is not one of the things which the commission says the commissioners may do. What it says they may do is, " to examine" the witness and send the answers, " closed up under" their " hands and seals," to the Court from which the commission was issued.

We think, then, that the insertion of the commissioners' names in the blank in the commission annexed to interrogatories, is not indispensable to the validity of an execution of the commission. The only object there can be for such insertion, is that of informing the Court who it is that have executed its commission. And this is an object which may be accomplished in other ways : as, by a statement or indication in the caption of the return, or in the conclusion and signatures of the return.

And in this case, the object was accomplished in these ways.

We hold, therefore, that the failure of the commissioners to insert their names in the commission to the interrogatories in question in this case, was not a sufficient ground for the rejection of the interrogatories ; and therefore, that the Court below erred in rejecting the interrogatories.

The new Jury, it is to be presumed, will, of itself, do justice to the other two grounds of exception. It is best, therefore, to leave them without comment.

There must be a new trial.